1                    UNITED STATES DISTRICT COURT

2                         DISTRICT OF MAINE

3

4    UNITED STATES OF AMERICA      )         CRIMINAL ACTION
                                   )
5                                  )      Docket No. 98-54-P-H
                                   )
6              v.                  )
                                   )
7    CHARLES HALL,                 )
                                   )
8                   Defendant.     )

9

10                      TRANSCRIPT OF PROCEEDINGS

11         Pursuant to notice, the above-entitled matter came on

12   for Waiver/Change of Plea before the HON. D. BROCK HORNBY,

13   in the United States District Court, Portland, Maine, on the

14   28th day of October, 1998, at 2:05 p.m.

15

16

17

18   APPEARANCES:

19   For the Government:          Paula Silsby, Esquire

20   For the Defendant:           Bruce Merrill, Esquire

21

22

23                      Cindy Packard, RMR
                      Official Court Reporter
24

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer.

1    (At 2:05 p.m., defendant present in open court with his

2    counsel, the following proceedings transpired.)

3          THE COURT:  The next matter is United States v.

4    Charles M. Hall.  Counsel, I reviewed a voucher in my

5    office, neglected to bring it in.  I understand,

6    Mr. Merrill, you need reappointment; is that correct?

7          MR. MERRILL:  I'm sorry, Your Honor?

8          THE COURT:  You need to be reappointed; is that

9    correct?

10          MR. MERRILL:  Yes.

11          THE COURT:  All right.  I've reviewed the voucher,

12    I'm satisfied, and the clerk will enter the appropriate

13    order for reappointment.

14          MR. MERRILL:  Thank you.

15          THE COURT:  And this is on for waiver of

16    indictment and plea; correct, Ms. Silsby?

17          MS. SILSBY:  That's correct.

18          THE COURT:  Do you agree, Mr. Merrill?

19          MR. MERRILL:  Yes, Your Honor.

20          THE COURT:  All right.  Would you and Mr. Hall

21    please stand.  What is your name, sir?

22          MR. HALL:  Charles Michael Hall.

23          THE COURT:  Do you authorize your lawyer, Attorney

24    Bruce Merrill, to speak for you?

25          MR. HALL:  Yes, I do.

1          THE COURT:  The first part of the hearing today,

2    Mr. Hall, will be for me to decide whether to accept your

3    waiver of indictment.  Before I can do that, I have to be

4    satisfied that you're competent to waive indictment, that

5    you're doing this voluntarily, that you understand the

6    rights that you're giving up, and so I've got some questions

7    for you and your lawyer so I can make those decisions.

8        Now any time you don't understand me, don't try to

9    answer my question, tell me you don't understand and I'll

10   reword the question.  And any time you want to talk to your

11   lawyer, don't answer my question, tell me you want to talk

12   to your lawyer, I'll let you do that.

13       First of all, sir, how old are you?

14              MR. HALL:  27.

15              THE COURT:  What is the extent of your education?

16              MR. HALL:  I dropped out of high school and

17   returned for night schooling, got my GED.

18              THE COURT:  I'm sorry, what was the end of that?

19              MR. HALL:  I got my GED.

20              THE COURT:  Are you now or have you recently been

21   under the care of any physician or psychiatrist?

22              MR. HALL:  I'm under doctor's care for Crohn's

23   disease.

24              THE COURT:  Are you currently taking medicines?

25              MR. HALL:  Yes, I am.

1          THE COURT:   What are those medicines?

2          MR. HALL:   Pentasa, Carafate, Tagamet, Prednisone,

3    folic acid.

4          THE COURT:   I'm sorry?

5          MR. HALL:   And Imodium.

6          THE COURT:   Are all those by prescription?

7          MR. HALL:   Yes, they are.

8          THE COURT:   Are you taking the prescribed dosages?

9          MR. HALL:   Yes, I am.

10          THE COURT:   Do those medications affect your

11    ability to understand what's going on here today?

12          MR. HALL:   No, Your Honor.

13          THE COURT:   Do they affect your ability to make

14    decisions?

15          MR. HALL:   No, Your Honor.

16          THE COURT:   Aside from those medicines you've told

17    me about, have you used any other drug or alcohol in the

18    last 24 hours?

19          MR. HALL:   No, Your Honor.

20          THE COURT:   Do you feel you understand what's

21    happening in these proceedings?

22          MR. HALL:   Yes, I do.

23          THE COURT:   Has your lawyer explained to you the

24    consequences that may flow from these proceedings?

25          MR. HALL:   Yes, he has.

1      THE COURT:  Mr. Merrill, has anything come to your

2  attention that casts any doubt on Mr. Hall's competence to

3  waive indictment?

4      MR. MERRILL:  No, Your Honor.

5      THE COURT:  I find that the defendant is competent

6  to waive indictment.  Mr. Hall, have you been given a copy

7  of the proposed information in this matter?

8      MR. HALL:  Yes, I have, Your Honor.

9      THE COURT:  Do you understand the charge made

10  against you?

11      MR. HALL:  Yes, I do.

12      THE COURT:  Have you consulted with your lawyer

13  about the charge and has he explained it to you?

14      MR. HALL:  Yes, he has.

15      THE COURT:  Mr. Merrill, are you satisfied that

16  Mr. Hall understands the nature and significance of the

17  charge against him in the proposed information?

18      MR. MERRILL:  Yes, I am, Your Honor.

19      THE COURT:  Do you approve of his waiving

20  indictment of this matter?

21      MR. MERRILL:  Yes, I do, Your Honor.

22      THE COURT:  Mr. Hall, you're charged in a one

23  count information.  It charges that on about July 22, 1998,

24  that you knowingly caused to be delivered by the Postal

25  Service a written communication addressed to Justice Carter,

1    care of United States Federal Court, 156 Federal Street,

2    Room 102, Portland, Maine, 04101, containing a threat to

3    injure the person of the addressee.

4        Do you understand that this charge made against you is

5    a felony offense?

6            MR. HALL:  Yes, I do.

7            THE COURT:  You have a constitutional right to

8    require that this matter proceed only upon an indictment by

9    a Grand Jury of this district.  You can give up that right.

10   If you do give up that right, the matter will proceed

11   against you without any consideration by a Grand Jury, it

12   will proceed solely on the government's information.  Do you

13   understand?

14           MR. HALL:  Yes, I do.

15           THE COURT:  If you choose not to give up that

16   right, the matter will not proceed against you unless a

17   Grand Jury of this district finds by returning an indictment

18   that there's probable cause to believe that the charged

19   offense was committed by you.

20       A Grand Jury is composed of at least 16, but not more

21   than 23 people selected at random from the voters of this

22   district.  At least 12 of them have to find probable cause

23   to believe that the offense charged in this proposed

24   information was committed by you before you could be

25   indicted, and a Grand Jury might not indict you for the

 1   offense.  Do you understand?

 2          MR. HALL:  Yes, I do.

 3          THE COURT:  Have you discussed this waiver of

 4   indictment with your lawyer and received his advice?

 5          MR. HALL:  Yes, I have.

 6          THE COURT:  Has anybody made any threats or

 7   promises to you to get you to waive your right to

 8   indictment?

 9          MR. HALL:  No, Your Honor.

10          THE COURT:  Mr. Merrill, are you aware of any

11   reason why I should not permit Mr. Hall to waive indictment?

12          MR. MERRILL:  No, I'm not, Your Honor.

13          THE COURT:  The defendant may sign the prescribed

14   waiver at this time.

15   (Defendant signs form.)

16          THE COURT:  I find that the defendant has

17   knowingly and voluntarily waived his right to indictment by

18   a Grand Jury of this district.  The waiver of indictment is

19   hereby accepted.  The information against the defendant will

20   be filed at this time.  And the docket number is -- I'm

21   sorry, Criminal Number 98-54-P-H, counsel, for all further

22   filings.

23      Mr. Merrill, do I understand that the defendant is

24   prepared to plead at this time?

25          MR. MERRILL:  That is correct, Your Honor.

1          THE COURT:  Do you approve of his plea and

2    recommend that I accept it?

3          MR. MERRILL:  Yes, I do, Your Honor.

4          THE COURT:  The clerk may proceed.

5          THE CLERK:  Charles M. Hall, you are charged in a

6    one count information bearing Criminal Number 98-54-P-H.

7    How do you plead to Count One of the information, guilty or

8    not guilty?

9          MR. HALL:  Guilty.

10          THE CLERK:  The defendant pleads guilty, Your

11    Honor.

12          THE COURT:  Thank you.  The rest of the hearing,

13    Mr. Hall, will be for me to decide whether to accept your

14    guilty plea.  Before I can do that, I have to be satisfied

15    again that you're doing this voluntarily, that you

16    understand the rights you're giving up, you're doing it

17    intelligently and there's a factual basis for your guilty

18    plea.

19       So I have some more questions for you and your lawyer.

20    Same rules apply, if you don't understand me, tell me, I'll

21    reword the question.  If you want to talk to your lawyer,

22    tell me, I'll let you do that.

23       First of all, sir, have you pleaded guilty to the

24    charge contained in the information because you are actually

25    guilty?

1           MR. HALL:  Yes, Your Honor.

2           THE COURT:  Mr. Merrill, are you satisfied that

3    Mr. Hall has pleaded guilty to this charge because he's

4    actually guilty?

5           MR. MERRILL:  Yes, I am, Your Honor.

6           THE COURT:  Mr. Hall, I know that you received the

7    information and discussed it with your lawyer, did your

8    lawyer explain to you not only the elements and nature of

9    the offense, but also the penalties that can be imposed?

10          MR. HALL:  Yes, Your Honor.

11          THE COURT:  Mr. Merrill, are you satisfied that

12   Mr. Hall understands both the nature and elements of the

13   offense and the penalties that can be imposed?

14          MR. MERRILL:  Yes, I am, Your Honor.

15          THE COURT:  Mr. Hall, by pleading guilty to this

16   crime, you must pay a mandatory assessment of $100, you're

17   also subject to fines of up to $250,000, and imprisonment

18   for up to five -- for up to five years.  Following any term

19   of imprisonment, you're subject to a period of supervised

20   release of up to three additional years.  And if you should

21   violate the conditions of your supervised release, it can be

22   revoked and you could be looking at an additional two years

23   in prison.  Do you understand these penalties?

24          MR. HALL:  Yes, I do, Your Honor.

25          THE COURT:  I take it there's no restitutionary

1   element here, is there, counsel?

2          MS. SILSBY:  No, there's not.

3          THE COURT:  Mr. Hall, do you understand you have

4   the right to plead not guilty to this charge?

5          MR. HALL:  Yes, I do.

6          THE COURT:  You have the right to a trial by jury,

7   the right to the assistance of your lawyer at such a trial,

8   and if you cannot afford a lawyer, you have the right to

9   have a lawyer appointed for you at the government's expense.

10  Do you understand?

11         MR. HALL:  Yes, Your Honor.

12         THE COURT:  At a trial, you would be presumed

13  innocent and the government would have the burden of proving

14  you guilty by competent evidence and beyond a reasonable

15  doubt, and you would not have the burden of proving that

16  you're not guilty of this charge.  Do you understand?

17         MR. HALL:  Yes, Your Honor.

18         THE COURT:  At a trial, the government's witnesses

19  would have to come into open court and testify in front of

20  you and in front of your lawyer.  Your lawyer would have the

21  opportunity to cross-examine those witnesses, to object to

22  the evidence the government offered, and to offer evidence

23  in your behalf.  Do you understand?

24         MR. HALL:  Yes, Your Honor.

25         THE COURT:  You would have the right to testify at

1  trial, if you wished to.  You would also have the right not

2  to testify, and you could not be compelled to testify at a

3  trial.  If you chose not to testify, I would instruct the

4  jury that they could draw no inference or suggestion of

5  guilt from the fact that you did not testify.  Do you

6  understand?

7          MR. HALL:  Yes, Your Honor.

8          THE COURT:  If I accept your guilty plea, you will

9  have given up your right to a trial and the other rights

10  I've just described to you, and there will be no trial of

11  any kind on this information.  Do you understand?

12          MR. HALL:  Yes.

13          THE COURT:  I will proceed to enter a judgment of

14  guilty, and I will sentence you on the basis of your guilty

15  plea, and if all of that happens, you will have no right of

16  appeal from your conviction.  Do you understand?

17          MR. HALL:  Yes.

18          THE COURT:  By pleading guilty, you also give up

19  your right not to incriminate yourself.  I'm going to have

20  questions this afternoon about your conduct that gave rise

21  to this charge.  You will have to answer my questions

22  truthfully.  I'm going to take your answers as true and act

23  accordingly.  Do you understand?

24          MR. HALL:  Yes, Your Honor.

25          THE COURT:  In light of all I've just explained to

1   you, do you still choose to plead guilty to the charge

2   contained in the information?

3            MR. HALL:  Yes.

4            THE COURT:  I have in front of me at this time a

5   document captioned prosecution version signed by Ms. Silsby,

6   the Assistant U.S. Attorney, and apparently by Mr. Hall and

7   by defense counsel.  Ms. Silsby, is this the evidence that

8   the government would produce if this matter were to go to

9   trial?

10           MS. SILSBY:  It is, Your Honor.

11           THE COURT:  Mr. Merrill, have you had the

12   opportunity to read the prosecution version and discuss it

13   with your client?

14           MR. MERRILL:  Yes, I have, Your Honor.

15           THE COURT:  Are you satisfied that the government

16   can in fact produce the evidence that's contained in that

17   document?

18           MR. MERRILL:  Yes, I am, Your Honor.

19           THE COURT:  Are you also satisfied that the

20   admissible part of that evidence would allow a properly

21   instructed jury to find beyond a reasonable doubt that

22   Mr. Hall is guilty of the crime to which he's pleading

23   guilty?

24           MR. MERRILL:  Yes, I am, Your Honor.

25           THE COURT:  Mr. Hall, have you read and discussed

1   with your lawyer the prosecution version?

2             MR. HALL:  Yes, I have, Your Honor.

3             THE COURT:  Is there any respect in which you

4   disagree with its contents?

5             MR. MERRILL:  There are two respects, Your Honor,

6   and they were related to Ms. Silsby in a letter dated

7   September 23rd, 1998.  They are not material to the factual

8   basis.  The first correction was that the people that were

9   present on July 28, 29, when Special Agent Osterrieder and I

10  met with Mr. Hall omitted that Steve Butt, Sr., who is the

11  chief investigator for the Maine Correctional Center, was

12  also present at those meetings.  And secondly, there is a

13  reference to Shawn Johnson indicating that the individual's

14  a male, she is in fact a female.

15            THE COURT:  None of that is in the prosecution

16  version that I have, counsel.

17            MS. SILSBY:  No, that's correct, Your Honor.  The

18  representations to which Mr. Merrill is referring were

19  contained in Special Agent Osterrieder's 302 of his

20  interview of Mr. Hall.

21            THE COURT:  All right.  Let's clarify the record

22  on this.  Do you have a copy of the prosecution version,

23  Mr. Merrill?  If not, I'll have the clerk hand this down to

24  you.

25            MR. MERRILL:  Yes, Your Honor.

1          THE COURT:  All right.  Focusing solely on that,

2    that's all that I have, I don't know about the other.

3          MR. MERRILL:  I'm sorry, Your Honor.

4          THE COURT:  That's all right.

5          MR. MERRILL:  There's no exceptions to the

6    prosecution version.

7          THE COURT:  All right.  And Mr. Hall, I need to

8    ask you that, two page prosecution version that Mr. Merrill

9    now has in front of him, have you read that and discussed it

10   with Mr. Merrill?

11         MR. HALL:  Yes, I have, Your Honor.

12         THE COURT:  Is there any respect in which you

13   disagree with the contents of that document?

14         MR. HALL:  No, there's not.

15         THE COURT:  Is the information given to me in that

16   document true to your own personal knowledge?

17         MR. HALL:  Yes, it is.

18         THE COURT:  All right.  I find there is a factual

19   basis for the guilty plea to the crime charged in the

20   information.

21      Mr. Hall, has anybody threatened you or attempted to

22   force you or get you in any way to plead guilty?

23         MR. HALL:  No, Your Honor.

24         THE COURT:  Does your willingness to plead guilty

25   result from any discussions between you and your lawyer and

1    the government that have resulted -- is there any kind of

2    plea agreement here?

3            MR. HALL:  No, Your Honor.

4            THE COURT:  Do you confirm that, counsel?

5            MR. MERRILL:  That's correct, Your Honor.

6            THE COURT:  Confirm that, Ms. Silsby?

7            MS. SILSBY:  That's correct, Your Honor.

8            THE COURT:  Do you understand, Mr. Hall, then that

9    so far as sentencing is concerned, the authority to

10   determine the sentence in this case rests with me as the

11   Judge, that I will hear from you and your lawyer and the

12   government lawyer about their recommendations on sentencing,

13   but that none of those recommendations are binding on me.

14   And if the sentence turns out to be more severe than you

15   expect or care for, you will still be bound by your guilty

16   plea and have no right to withdraw it?

17           MR. HALL:  Yes, Your Honor.

18           THE COURT:  The sentence in this case will be

19   governed by applying Sentencing Commission Guidelines.  Have

20   you and Attorney Merrill talked about how those guidelines

21   may affect your sentence?

22           MR. HALL:  Yes, Your Honor.

23           THE COURT:  I cannot determine what the guideline

24   sentence is until I read a presentence report that the

25   probation office will prepare.  And then I'll give your

1    lawyer and the government lawyer an opportunity to challenge

2    the facts the probation office reports.  Once I do determine

3    what guideline applies, I still have the authority in some

4    circumstances to impose a sentence that's more severe or

5    less severe than what the guideline calls for.  Do you

6    understand?

7              MR. HALL:  Yes, Your Honor.

8              THE COURT:  You and the government will have the

9    right to appeal the sentence that I impose.

10        Now you'll be required to actually serve in a jail or

11   prison all of any imprisonment term that I impose except for

12   good time deductions.  You will not be permitted to serve

13   any part of it on parole.  Do you understand?

14             MR. HALL:  Yes, Your Honor.

15             THE COURT:  Has anybody made any promise to you in

16   an effort to get you to plead guilty?

17             MR. HALL:  No, Your Honor.

18             MR. MERRILL:  Has anybody made any promise to you

19   as to what kind of sentence I will impose?

20             MR. HALL:  No, Your Honor.

21             THE COURT:  Has anybody made any promise to you as

22   to what the government sentencing recommendation will be?

23             MR. HALL:  No.

24             THE COURT:  I ask you finally then, do you still

25   wish to plead guilty to the charge contained in this

 1    information?

 2            MR. HALL:  Yes, I do.

 3            THE COURT:  Attorney Merrill, do you as Mr. Hall's

 4    lawyer still recommend that I accept his guilty plea?

 5            MR. MERRILL:  Yes, I do, Your Honor.

 6            THE COURT:  Mr. Hall, since you acknowledge that

 7    you are in fact guilty as charged in the information, since

 8    I find that you know of your right to a trial and the rights

 9    associated with the right to a trial, since I further find

10    that you know the maximum possible punishment that can be

11    imposed if you're convicted, since I find that you've not

12    been coerced, but that you have voluntarily and knowingly

13    tendered a plea of guilty to this information, I now accept

14    your guilty plea as tendered.

15        I hereby order the preparation of the customary

16    presentence report.  Probation Officer Storms is in the

17    courtroom, Mr. Merrill, meet with him to arrange the first

18    interview before you leave.

19            MR. MERRILL:  Yes, Your Honor.

20            THE COURT:  And I have a pretrial services report

21    that I've just received, I haven't read through it in

22    detail, but is it my understanding that Mr. Hall is already

23    detained for some amount of time state side?

24            MS. SILSBY:  That's correct, Your Honor, Mr. Hall

25    is currently serving a state sentence of eight years, I

1   believe, it is.  For that reason, the government would ask

2   that he be detained with respect to the federal charges, and

3   also remain in federal custody pending the conclusion of

4   these proceedings.

5            MR. MERRILL:  No objection to that, Your Honor.

6            THE COURT:  All right.  Mr. Hall, you understand

7   what the recommendation from the government lawyer and your

8   lawyer is is that I detain you on the federal charge, and

9   that you stay in federal custody.  They're pointing out to

10  me you already have a state sentence hanging over you that

11  you're already serving.  I suspect your lawyer has talked

12  with you about the consequences of you doing federal time,

13  is that agreeable to you?

14           MR. HALL:  Yes, sir.

15           THE COURT:  All right.  Then the court will order

16  that the defendant be detained in federal custody pending

17  sentencing in this matter.

18     Is there anything further at this time from the

19  government, Ms. Silsby?

20           MS. SILSBY:  No, Your Honor.

21           THE COURT:  From the defendant, Mr. Merrill?

22           MR. MERRILL:  Not at this time, Your Honor.

23           THE COURT:  Thank you both, counsel.  The

24  defendant may stand aside.  Court will stand in recess.

25  (At 2:23 p.m., the foregoing proceedings were concluded.)

1                          CERTIFICATE

2

3          I hereby certify that the foregoing is a true and

4     correct transcript of my stenographic notes of the

5     proceedings held in the above-entitled matter.

6          Dated this 13th day of November, 2013.

7

8                              /s/ Cindy Packard
                               Official Court Reporter
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

This document was created with Win2PDF available at http://www.win2pdf.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.
This page will not be added after purchasing Win2PDF.